# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES-DAVID VAN METER | § |
| | § Civil Action No. 4:19-CV-64 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| UNITED STATES OF AMERICA. | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 2, 2019, the report of the Magistrate Judge (Dkt. #14) was entered containing proposed findings of fact and recommendations that Defendant United States' Motion to Dismiss (Dkt. #11) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkts. #15; #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

Plaintiff was previously convicted by a jury on two counts of tax evasion in 2006. *United States v. James Van Meter*, No. 4:06-CR-00066-001 (E.D. Tex. Sept. 22, 2006). Plaintiff's conviction was affirmed by the Fifth Circuit in 2008. *United States v. Van Meter*, 280 F. App'x 394 (5th Cir. 2008). More than a decade later, Plaintiff filed the instant action against Shamoil Shipchandler—the federal prosecutor in Plaintiff's criminal suit (Dkt. #1). Plaintiff alleges that Shipchandler maliciously prosecuted Plaintiff's criminal case, in violation of the Federal Tort Claims Act ("FTCA"). After substituting as the proper defendant in the case, the United States moved to dismiss Plaintiff's FTCA claim for lack of jurisdiction (Dkt. #11). The United States argued, in pertinent part, that the Court lacks subject-matter jurisdiction over the instant matter because Plaintiff failed to exhaust his administrative remedies and because the United States has

not waived its sovereign immunity. On August 2, 2019, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted for lack of jurisdiction (Dkt. #14). Specifically, the Magistrate Judge's report agreed that Plaintiff did not properly exhaust his administrative remedies, and that, even if he had, Plaintiff's claims would still be barred by sovereign immunity, and lastly, that as the party asserting jurisdiction, Plaintiff bore the burden to establish that his administrative remedies were exhausted.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). On August 19, 2019, Plaintiff filed his "Order for Non-Response of Jurisdictional Issues and Release of Any/All Property Demand for Ruling" which the Court construes as objections to the Magistrate Judge's report (Dkt. #15). On September 18, 2019, Plaintiff further filed his "Claimant's Response to United States Motion to Dismiss and Request for Article III Court" (Dkt. #19). In his filings, Plaintiff maintains the Court's jurisdiction is proper, and further asserts that he has properly demonstrated exhaustion and that no immunity exists here.

As an initial matter, the burden to establish exhaustion of remedies falls upon Plaintiff, not the United States. *See Frost v. Young*, No. 2:12-cv-1985, 2012 WL 6043031, at *8 (W.D. La. Dec. 3, 2012). The Court agrees with the Magistrate Judge that Plaintiff has not carried that burden. To properly invoke the Court's jurisdiction under the FTCA, Plaintiff must comply with 28 U.S.C. § 2675(a). *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); 28

U.S.C. § 2675(a). There is no record of an administrative claim being presented by Plaintiff within two years of his claim's accrual; rather, Plaintiff relies on letters he alleges were sent both to United States District Judge Richard A. Schell and Shamoil Shipchandler in May 2018 (Dkt. #1-2)—nearly ten years after the affirmance of his conviction. These letters do not satisfy the requirements of § 2675 (Dkt. #1-2). "[Al]though the requirements of § 2675 are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." *Cook v. U.S. on Behalf of U.S. Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). Here, even if as Plaintiff claims, his cited valuation of "$25,000.00 PER 23 MINUTES PERIOD, I.E. $65,217.91 PER HOUR, PLUS PUNITIVE DAMAGES IN AMOUNT DECIDED SOLELY BY SECURED PARTY S HEIRS OR ASSIGNS" was sufficiently detailed to put Defendant on notice,[1] it is only one of two requirements of § 2675. "A tort claim against the United States must be presented to the appropriate federal agency within two years after the claim accrues or it is forever barred." *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) (citing 28 U.S.C. § 2401(b)). It is undeniable that neither Plaintiff's referenced letters, nor any of Plaintiff's other attachments to his January 2019 Complaint satisfy § 2675. As such Plaintiff has not exhausted his administrative remedies.

Plaintiff also makes various arguments regarding the alleged waiver of immunity by Defendant United States, namely that "[a]ny claim of 'immunity' is a fraud," and that the United States is in fact a corporation and therefore not entitled to sovereign immunity (Dkt. #19). The

---

[1] *See Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) ("In our previous cases, we have taken a pragmatic view toward the form or manner of filing of administrative claims when deciding upon the fulfillment of § 2675 of the Tort Claims Act. We have noted these dual congressional purposes in requiring potential claimants to provide the relevant federal agency with notice of their claims: (1) to ease court congestion and encourage settlement of claims; and (2) to provide for more fair and equitable treatment of private individuals in their tort claims against the government.").

United States government is immune from suit absent an express waiver of its sovereign immunity by federal statute. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2001). The FTCA is an explicit waiver of such immunity "for tort claims against the United States [or its agencies.]" *Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). However, the FTCA expressly excludes from its waiver of sovereign immunity any claim for malicious prosecution. *Partain v. Isgur*, 390 F. App'x 326, 328 (5th Cir. 2010). Moreover, "the FTCA [is] the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability." *United States v. Smith*, 499 U.S. 160, 166 (1991). Because the FTCA is Plaintiff's exclusive remedy for tort claims against Defendant and claims for malicious prosecution are expressly excluded from the FTCA, Plaintiff's claims in addition to being unexhausted would be barred by sovereign immunity. For these reasons, Plaintiff's Objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkts. #15, #19), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #14) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant United States' Motion to Dismiss (Dkt. #11) is **GRANTED** and Plaintiff's claims are dismissed without prejudice.

**IT IS SO ORDERED**.

SIGNED this 5th day of November, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE